```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ZACHARY KNOTTS, and**
**ELLEN HEINE,**

    **Plaintiffs,**

**v.**                                             **CIVIL ACTION NO. 1:21CV50**
                                                                         **(KLEEH)**

**BOARD OF DIRECTORS OF JW**
**RUBY MEMORIAL HOSPITAL, et al.,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 17]

On April 19, 2021, pro se Plaintiffs Zachary Knotts and Ellen Heine ("Plaintiffs") filed a Complaint against all Defendants alleging deprivation of civil rights pursuant to 42 U.S.C. § 1983. [ECF No. 1]. As of the date of this Order, Plaintiffs failed to serve the complaint on any Defendant in this matter.

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On September 24, 2021, the Magistrate Judge entered a Report and Recommendation ("R&R") [ECF No. 17], recommending that the Court dismiss the complaint without prejudice.

The R&R also informed the parties regarding their right to file specific written objections to the magistrate judge's report and recommendation. Specifically, the magistrate judge gave the

parties fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." The R&R further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The magistrate judge allotted an extra three (3) days to account for mailing and service of any objections. [ECF No. 17]. Therefore, parties had seventeen (17) calendar days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." The docket reflects that the R&R was sent to Plaintiffs by certified mail, return receipt requested. ECF Nos. 18, 19. Each envelope was returned signed but undated, and filed on October 5, 2021, and October 8, 2021, respectively. ECF Nos. 18, 19. The United States Postal Service noted on its website that each item was delivered on October 1, 2021, and October 4, 2021, respectively. ECF Nos. 18, 19. To date, no objections to the R&R have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 17]**

made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS** the R&R [ECF No. 17]. The Complaint is **DISMISSED without prejudice** [ECF No. 1]. The Court **ORDERS** the clerk to strike this matter from the Court's docket.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to all pro se parties via certified mail, return receipt requested, and to counsel of record via email.

**DATED:** October 26, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE