IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| ZACHARY KNOTTS and ELLEN HEINE,<br><br>**Plaintiffs**,<br><br>v.<br><br>BOARD OF DIRECTORS OF JW RUBY MEMORIAL HOSPITAL; CHRISTINE S. VAGLIENTI, ESQ.; SHONNETTE J. KINGSTON; ADAM BAUS; THE WV BOARD OF MEDICINE; and JOHN AND JANE DOE 1 THROUGH 10.<br><br>**Defendants**. | CIVIL ACTION NO.): 1:21-CV-50<br>(JUDGE KLEEH) |

## REPORT AND RECOMMENDAITON, RECOMMENDING THAT AMENDED COMPLAINT BE DISMISSED AS TO DEFENDANT WV BOARD OF MEDICINE

On April 19, 2021, *pro se* Plaintiffs Ellen Heine ("Heine") and Zachary Knotts ("Knotts") (collectively, "Plaintiffs"), filed a Complaint against Defendants, including The WV Board of Medicine, in relation to a series of events which Plaintiffs allege began in the Spring of 2019. [ECF No. 1]. Plaintiffs failed to serve the original Complaint on any Defendant, and on October 26, 2021, the Court entered an Order dismissing the Complaint, without prejudice. [ECF Doc. 20]. On April 20, 2022, Plaintiffs moved for leave to amend the Complaint [ECF No. 23], and the Court granted the Motion on April 26, 2022. [ECF No. 24]. On May 9, 2022, Plaintiffs filed an Amended Complaint. [ECF No. 26].

By Order dated May 9, 2022 [ECF No. 27], the Hon. Thomas S. Kleeh, United States District Judge, referred this matter to the undersigned Magistrate Judge to review the record and issue written orders or reports and recommendations, as appropriate.

1

By Order to Show Cause dated September 9, 2022 [ECF No. 56], the undersigned noted that Plaintiffs had not effectively served[1] Defendant The WV Board of Medicine with the Amended Complaint in the 90-day timeframe required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(m). By that Order to Show Cause, the undersigned ordered Plaintiffs to show cause within fourteen (14) days of receipt of the Order as to why the case should not be dismissed as to The WV Board of Medicine.[2]

To date, there has been nothing to indicate that the Amended Complaint has been served <u>properly</u> on The WV Board of Medicine, nor has there been any response by either Plaintiff to the Order to Show Cause.

Federal Rule of Civil Procedure 4(c) provides, "A summons must be served with a copy of the complaint. The plaintiff *is responsible* for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c) (emphasis added). Further, Fed. R. Civ. P. 4(h) outlines the manner for serving an entity such as Defendant The WV Board of Medicine:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . .

---

[1] The undersigned also noted in the Order to Show Cause that Plaintiffs delivered summonses in this matter to certain Defendants, including The WV Board of Medicine, via FedEx delivery. See ECF No. 47. However, as further noted, upon a review of Rule 4(h) of the Federal Rule of Civil Procedure, such purported service by Federal Express is not effective. Thus, the undersigned pointed out that Plaintiffs had not achieved good service upon The WV Board of Medicine.

[2] From the undersigned's review of the record, it appears that Heine received the Order to Show Cause [ECF No 57]. Further, it appears that Knotts has been incarcerated at certain times during the time which this matter has been pending. Although one delivery of the Order to Show Cause to Knotts [ECF No. 59] was returned from a jail facility as undeliverable, it appears that another such delivery [ECF No. 57] was accepted.

There is nothing from the undersigned's review of the record to indicate that Plaintiffs properly served Defendant The WV Board of Medicine, under Fed. R. Civ. P. 4(h)(1)**(B)** – in utilizing FedEx delivery to its general mailing address – to effectuate service upon a duly-authorized officer or agent of that entity.

However, the undersigned further looks to Fed. R. Civ. P. 4(e), as directed by Fed. R. Civ. P. 4(h)(1)**(A)**, as another possible manner for service here. Under Fed. R. Civ. P. 4(e), service may be achieved by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). West Virginia Rule of Civil Procedure Rule 4(d)(1) sets forth the manner in which an individual may be served by mail. Specifically, Rule 4(d)(1)(D) provides service upon an individual may be made by, "The clerk sending a copy of the summons and complaint to the individual to be served by *certified mail, return receipt requested*, and delivery restricted by the addressee." W. Va. R. Civ. P. 4(d)(1)(D) (emphasis added). Further, Rule 4(d)(1)(E) provides service may also be made by "The clerk sending a copy of the summons and complaint by *first class mail, postage prepaid*, to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to Form 14 and a return envelope, postage prepaid, addressed to the clerk." W. Va. R. Civ. P. 4(d)(1)(E) (emphasis added).

3

However, because neither the Federal Rules of Civil Procedure nor the West Virginia Rules of Civil Procedure permit service by mail other than United States certified or first-class mail, Plaintiff's service upon Defendant The WV Board of Medicine via FedEx is improper.

Thus, based on the foregoing, the undersigned **RECOMMENDS** that the Amended Complaint be **DISMISSED** as to Defendant The WV Board of Medicine.

Any party have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all counsel of record by electronic means, and to the *pro se* Plaintiffs by certified mail, return receipt requested.

**DATED**:  December 9, 2022.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE