```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

ZACHARY KNOTTS, and
ELLEN HEINE,

      Plaintiffs,

v.                                          CIVIL ACTION NO. 1:21CV50
                                                                     (KLEEH)

BOARD OF DIRECTORS OF JW
RUBY MEMORIAL HOSPITAL, et al.,

      Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 67]
AND GRANTING MOTION TO DISMISS [ECF NO. 38]**

On April 19, 2021, pro se Plaintiffs Zachary Knotts and Ellen Heine ("Plaintiffs") filed a Complaint against all Defendants alleging deprivation of civil rights pursuant to 42 U.S.C. § 1983. [ECF No. 1]. After the Plaintiffs failed to serve their Complaint on any Defendant, the Court dismissed their claims without prejudice on October 26, 2021 [ECF No. 20].

The Court subsequently granted the Plaintiffs' motion to amend, and they filed an Amended Complaint on May 9, 2022 [ECF Nos. 23, 24, 26]. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. Thereafter, Defendants Shonnette J. Kingston ("Kingston") and Adam Baus ("Baus") moved to dismiss the Amended Complaint [ECF No. 38].

On December 9, 2022, the magistrate judge entered a Report

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 67] AND GRANTING MOTION TO DISMISS [ECF NO. 38]**

and Recommendation ("R&R"), recommending that the Court dismiss the Amended Complaint with prejudice as to Kingston and Baus [ECF No. 67]. Specifically, he found that (1) the Plaintiffs have failed to properly serve Kingston and Baus as required by Federal Rule of Civil Procedure 4, (2) the Plaintiffs' claims are barred by the applicable statute of limitations, (3) Kington and Baus are immune from the Plaintiffs' claims under the Eleventh Amendment and the qualified immunity doctrine, and (4) the Plaintiffs have failed to state a claim for which relief may be granted.

The R&R also informed the parties regarding their right to file specific written objections to the magistrate judge's report and recommendation. The magistrate judge gave the parties fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." The R&R further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The magistrate judge allotted an extra three (3) days to account for mailing and service of any objections. Therefore, parties had seventeen (17) calendar days from the date of service of the R&R to file "specific written

objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." The docket reflects that the Plaintiffs accepted service of the R&R on December 12, 2022 [ECF Nos. 72, 75]. To date, neither party has objected.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Finding none, the Court **ADOPTS** the R&R [ECF No. 67] and **GRANTS** the motion to dismiss of Defendants Kingston and Baus [ECF No. 38]. The Amended Complaint is **DISMISSED WITH PREJUDICE** as it relates to these defendants.

It is so **ORDERED**.

The Clerk shall strike this matter from the Court's active

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 67]
AND GRANTING MOTION TO DISMISS [ECF NO. 38]**

docket and transmit copies of this Order to all pro se parties via certified mail, return receipt requested, and to counsel of record via email.

DATED: December 30, 2022

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA