```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

ZACHARY KNOTTS, and
ELLEN HEINE,

      Plaintiffs,

v.                                   CIVIL ACTION NO. 1:21CV50
                                                                                (KLEEH)

BOARD OF DIRECTORS OF JW
RUBY MEMORIAL HOSPITAL,
CHRISTINE VAGLIENTI,
SHONNETTE KINGSTON,
THE WV BOARD OF MEDICINE, and
JOHN AND JANE DOE 1 THROUGH 10

      Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 79]
AND DISMISSING COMPLAINT WITHOUT PREJUDICE
AGAINST DEFENDANTS DOE 1 THROUGH 10**

On April 19, 2021, pro se Plaintiffs Zachary Knotts and Ellen Heine ("Plaintiffs") filed a Complaint against all Defendants alleging deprivation of civil rights pursuant to 42 U.S.C. § 1983. [ECF No. 1]. After the Plaintiffs failed to serve their Complaint on any Defendant, the Court dismissed their claims without prejudice on October 26, 2021 [ECF No. 20]. The Court subsequently granted the Plaintiffs' motion to amend, and they filed an Amended Complaint on May 9, 2022 [ECF Nos. 23, 24, 26]. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review.

Recognizing that the Plaintiffs had failed to properly identify and serve several of the defendants in this matter,

**KNOTTS ET AL. V. JW RUBY MEM. HOSP. ET AL.**                    **1:21CV50**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 79]
AND DISMISSING COMPLAINT WITHOUT PREJUDICE
AGAINST DEFENDANTS DOE 1 THROUGH 10**

Defendants John and Jane Doe 1 through 10, the magistrate judge ordered the Plaintiffs to show cause as to why the matter should not be dismissed without prejudice against them [ECF No. 70]. The Plaintiffs did not respond to this Show Cause Order. As such, on December 30, 2022, the magistrate judge entered a Report and Recommendation ("R&R"), recommending that the Court dismiss the Amended Complaint without prejudice as it relates to the Doe defendants [ECF No. 79].

The R&R also informed the parties regarding their right to file specific written objections to the magistrate judge's report and recommendation. The magistrate judge gave the parties fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." The R&R further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The magistrate judge allotted an extra three (3) days to account for mailing and service of any objections. Therefore, parties had seventeen (17) calendar days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and

**KNOTTS ET AL. V. JW RUBY MEM. HOSP. ET AL.**                    **1:21CV50**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 79]
AND DISMISSING COMPLAINT WITHOUT PREJUDICE
AGAINST DEFENDANTS DOE 1 THROUGH 10**

Recommendation to which objection is made, and the basis of such objection."

The R&R was returned undeliverable to the Court on January 9, 2023 [ECF No. 86]. The Plaintiff has made no further attempts to contact the Court or to provide a current address.[1] No objections to the Report have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Finding none, the Court **ADOPTS**

---

[1] Upon filing his complaint, the Plaintiff received a copy of this District's General Guidelines for Appearing Pro Se in Federal Court [ECF No. 3]. These guidelines informed him of his duty to keep the Court advised of his most current address and warned him that failure to do so might result in the dismissal of his case without prejudice. Id.

**KNOTTS ET AL. V. JW RUBY MEM. HOSP. ET AL.**            **1:21CV50**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 79]**
**AND DISMISSING COMPLAINT WITHOUT PREJUDICE**
**AGAINST DEFENDANTS DOE 1 THROUGH 10**

the R&R [ECF No. 79] and **DISMISSES WITHOUT PREJUDICE** the Amended Complaint as it relates to the Doe defendants.

It is so **ORDERED.**

The Clerk shall strike this matter from the Court's active docket and transmit copies of this Order to all pro se parties via certified mail, return receipt requested, and to counsel of record via email.

DATED: January 25, 2023

*[signature: Tom S Kleeh]*

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA